EPHRAIM DANA *versus* SAMUEL H. SAWYER.

When a bill or note is not payable at a place where there are established business hours, a presentment for payment may be made at any reasonable hour of the day.

A presentment of a bill or note, in such case, however, for payment, a few minutes before twelve at night, is insufficient and unavailing, unless it should appear from an answer made to the demand, that there was a waiver of any objection as to the time, or that payment would not have been made upon a demand at a reasonable hour.

THIS case was submitted on the following statement of facts. The action is on a promissory note, signed by T. Sawyer & Co. dated Dec. 24, 1838, for $202,50, on four months, payable to and indorsed by the defendant.

It is agreed, that on the day the note fell due George W. Smith came to the house in Gray occupied by said Thorndike Sawyer and S. H. Sawyer, in the evening, between eleven and twelve o'clock, called up said T. Sawyer from his bed and presented the note to him for payment, which he did not pay, and left with him a notice and demand for payment, and delivered another notice of non-payment by the makers of the note, directed to said S. H. Sawyer, and demand of payment to said T. Sawyer for said Samuel, which said Thorndike did not deliver to said Samuel. Said Samuel was then in the house, but was in bed. He had his residence in the same house.

The Court were to enter a nonsuit or default, as they might determine to be the law in the matter.

*W. P. Fessenden* argued for the plaintiff, citing Story on Bills, § 349, 328, 382 ; 1 Stark. R. 575 ; 2 Chitty's R. 124 ; Chitty on Bills, 305, 308 ; 6 Peters, 257 ; 7 Mass. R. 483 ; 12 Mass. R. 403.

*Codman & Fox* argued for the defendant, citing 3 Metc. 495 ; 2 Camp. 527 ; 4 T. R. 174 ; 4 Greenl. 479 ; 17 Maine R. 230 ; 2 Barn. & Ad. 188 ; 7 Greenl. 31.

The opinion of the Court was by

SHEPLEY J. — This case is presented upon an agreed state-

ment of facts, from which it appears, that a demand for pay-ment was made upon the maker of the note, between eleven and twelve o'clock at night on the day that it became payable, by calling him from his bed ; and that he did not pay it. There is no further statement of any thing else said or done, except that a notice and demand for payment was left with him. When a bill or note is payable at a bank, bankinghouse, or other place, where it is well known, that business is trans-acted only during certain hours of the day, the law presumes, that the parties intended to conform to such established course of business, and requires, that a demand should be made during those business hours. *Parker* v. *Gordon,* 7 East, 385. The cases of *Garnett* v. *Woodcock,* 1 Stark. R. 475, and of *Henry* v. *Lee,* 2 Chitty R. 124, may show an exception to this rule, that, when a person is found at such place after business hours authorized to give an answer, the demand will be good. While it may be difficult to reconcile these cases with the case of *Elford* v. *Teed,* 1 M. & S. 28. When the bill or note is not payable at a place, where there are estab-lished business hours, a presentment for payment may be made at any reasonable hour of the day. *Leftley* v. *Mills,* 4 T. R. 174 ; *Barclay* v. *Bailey,* 2 Campb. 527 ; *Triggs* v. *Newn-ham,* 10 Moore, 249 ; *Wilkins* v. *Jadis,* 2 B. & Ad. 188. What hour may be a reasonable one has come under consider-ation in those cases. In the first of them Mr. Justice Buller observes, that " to say, that the demand should be postponed till midnight, would be to establish a rule attended with mis-chievous consequences." In the second Lord Ellenborough said, " if the presentment had been during the hours of rest, it would have been altogether unavailing." In the third this remark, among others, is quoted and approved by C. J. Best. In the fourth, Lord Tenterden remarked, that " a presentment at twelve o'clock at night, when a person has retired to rest, would be unreasonable." These observations, so just and so applicable to this case, authorize the conclusion, that the demand was not made at a reasonable hour, unless the fact, that the maker was seen and actually called upon at that time

should make a difference. Perhaps in analogy to the exception already noticed, it might be proper to admit of one in this and the like cases, if it should appear from the answer made to the demand, that there was a waiver of any objection as to the time, or that payment would not have been made upon a demand at a reasonable hour. But there is nothing in this agreed statement to show, that payment might not have been refused because the demand was made at such an hour, that the maker did not choose to be disturbed, or because he could not then have access to funds prepared and deposited elsewhere for safety.

*Plaintiff nonsuit.*